# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ORIENTAL TRADING COMPANY, INC., | Civil Action Case No. 8:22-cv-00078 |
| Plaintiff, | |
| v. | DENOVO VENTURES, LLC's BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2)(3) or alternatively, MOTION TO TRANSFER VENUE PURSUANT TO 28 USC § 1406(a) OR 28 USC § 1404(a) |
| DENOVO VENTURES, LLC | |
| Defendant. | |

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

1

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 5

II. FACTS ..................................................................................................................... 6

III. THIS COURT LACKS PERSONAL JURISDICTION OVER DENOVO ............... 10

A. Personal Jurisdiction Determined Via Application of Long- Arm Statute and Principals of Due Process ................................................................................... 10

B. OTC Bears Burden of Establishing Personal Jurisdiction .................................... 10

C. Nebraska Long-Arm Statute ................................................................................ 12

D. Due Process and the Application of Long-Arm Statute ......................................... 12

E. The Court lacks personal jurisdiction over Denovo in Nebraska ......................... 14

  1. Plaintiff has not alleged, and cannot allege, facts sufficient to establish general jurisdiction. ........................................................................................................ 15

  2. OTC has not alleged and cannot allege facts sufficient to establish specific jurisdiction. ........................................................................................................ 15

  3. OTC cannot meet the Due Process prong of personal jurisdiction .................... 17

F. Rather than Dismiss, the Court May Transfer Under 28 U.S.C. § 1406(a) .......... 18

IV. COURT MAY CONSIDER AFFIDAVIT EVIDENCE ........................................... 18

V. ALTERNATIVELY, NEBRASKA IS NOT A CONVENIENT FORUM ................. 18

A. The Court Has Broad Discretion to Transfer Under 28 U.S.C. § 1404(a) ............ 19

B. Convenience of the Parties and Witnesses Supports Transfer of this Case to Colorado ................................................................................................................ 20

  1. Convenience of the Parties ................................................................................ 20

  2. Convenience of the Witnesses ........................................................................... 20

  3. Accessibility to Records and Documents ........................................................... 22

  4. Location Where the Conduct Complained of Occurred ..................................... 22

  5. Judicial Economy .............................................................................................. 23

  6. Comparative Cost of Litigating the Case in Each Forum .................................. 23

  7. Ability to Enforce Any Judgment ...................................................................... 24

  8. Any Potential "Obstacles to a Fair Trial" .......................................................... 24

  9. Summation ......................................................................................................... 24

VI. CONCLUSION ....................................................................................................... 24

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

# <u>TABLE OF AUTHORITIES</u>

**Page**

**Cases**

*Aeschilman v. Dealer Mktg. Servs.*,
2015 U.S. Dist. LEXIS 5346, at *10 * (CD Ill Jan. 16, 2015)...........................................17

*In re Apple, Inc.*,
602 F.3d 909, 912 (8th Cir. 2010) ...............................................................................20

*Bell Paper Box, Inc. v. U.S. Kids, Inc.*,
22 F.3d 816, 818 (8th Cir 1994) .............................................................................14, 15

*Bishop v. Comm. On Prof'l Ethics & Conduct of Iowa State Bar Ass'n,*
686 F.2d 1278, 1283 (8th Cir. 1982) ............................................................................11

*Bristol-Myers Squibb Co. v. Superior Ct.*,
137 S Ct 1773, 1780 (2017); *BNSF v. Tyrrell*, 137 S Ct 1549, 1554 (2017)....................14

*Burger King Corp. v. Rudzewicz,*
471 US 462, 478 (1985) ..........................................................................................14, 16

*Coen v. Coen*,
509 F3d 900, 905 (8th Cir. 2007) .................................................................................15

*Daimler AG v. Bauman*,
134 S Ct 746, 760 (2014)..........................................................................................14, 16

*Epps v. Stewart Info. Servs. Corp.*,
327 F.3d 642, 646–47 (8th Cir. 2003) ......................................................................12, 19

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 US 915, 919 (2011) ...............................................................................................16

*Hanson v. Denckla*,
357 US 235, 253, 2 L Ed 2d 1283, 78 S. Ct. 1228 (1958) .................................................15

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 US 408, 415-16, 80 L Ed 2d 404, 104 S Ct 1868 (1984)............................................14

*Heritage Disposal,*
2015 WL 5821764, at *5 ..............................................................................................22

*Institutional Food Mktg. Associates, Ltd. v. Golden State Strawberries, Inc.*,
747 F.2d 448, 452-453 (8th Cir. 1984) ..........................................................................11

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

*Jarratt v. Amazon.com, Inc.*,
No. 5:16-CV-05302, 2017 WL 3437782, at *3 (W.D. Ark. Aug. 10, 2017)....................24

*Jenkins Brick Co.*,
321 F.3d at 1371–72 .........................................................................................23

*Land-O-Nod Co. v. Bassett Furniture Indus., Inc.*,
708 F2d 1338, 1340 (8th Cir 1983)......................................................................15

*LG Electronics, Inc. v. First Int'l Computer, Inc.*, 1
38 F. Supp. 2d 574, 590 (D.N.J. 2001) .........................................................23, 24

*Midvale Indus., Inc. v. Butler*,
No. 4:15CV1650 JCH, 2015 WL 8479018, at *4 (E.D. Mo. Dec. 10, 2015)...................21

*Morris v. Barkbuster, Inc.*,
923 F2d 1277, 1280 (8th Cir. 1991) .....................................................................11

*Runza National, Inc. v. Alexander*,
2021 WL 1169365*2,*3 (4:20-cv-3078, D. Neb) (Gerrard, J., 3.26.21).........................12

*Steen v. Murray*,
770 F.3d 698, 702 (8th Cir. 2014) .......................................................................20

*Terra Int'l, Inc. v. Miss. Chem. Corp.*,
119 F.3d 688, 691 (8th Cir. 1997) ........................................................6, 19, 20, 21

*Turner v. CF&I Steel Corp.*,
510 F Supp 537, 542 (ED Pa 1981) .....................................................................17

*Van Dusen v. Barrack*,
376 U.S. 612, 616 (1964) ...................................................................................21

*Woodke v. Dahm*,
70 F.3d 983 (8th Cir. 1995) ................................................................................23

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286, 291-92, 62 L Ed 2d 490, 100 S. Ct. 559 (1980)...........................13, 14

*Yellow Brick Road v. Childs*,
36 F. Supp. 3d at 862 .......................................................................................18

*Yeransian v. Willke Farr & Gallagher LLP*,
942 NW2d 226, 233 (Neb 2020)....................................................................11, 14

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

Denovo Ventures, LLC, (hereinafter "**Denovo**") hereby respectfully submits its brief in support of its Motion to Dismiss the Complaint of Oriental Trading Company, Inc., (hereinafter "**OTC**") pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) or, alternatively, to transfer this matter to the United States District Court for the District of Colorado pursuant to 28 USC § 1406(a), or alternatively to transfer this matter to the United States District Court for the District of Colorado pursuant to 28 USC § 1404(a).

## I.    INTRODUCTION

Denovo is a limited liability company incorporated in Colorado, with its principal place of business in Colorado.  Denovo provides implementation of enterprise resource planning ("**ERP**") software for companies.  As related to this matter, Denovo and OTC entered into a Consulting Services Statement of Work 004 ("**SOW OO4**"), whereby Denovo would implement Oracle Cloud ERP for OTC.  OTC now sues Denovo in the District of Nebraska over alleged issues with the implementation.

While Denovo and its subcontractor, Legacy Group Holdings, LLC dba TipTop Solutions, (hereinafter "**TipTop**") did perform the work at issue, none of it was performed in Nebraska.  Moreover, Denovo has not maintained sufficient contacts with Nebraska to justify either general or specific personal jurisdiction over Denovo.  Imposition of venue in the District of Nebraska would not comport with principals of due process.  Thus, respectfully, this matter should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, as well as 12(b)(3) for improper venue.

If, however, the United States District Court for the District of Nebraska is found to be a proper forum, the case should be transferred to the United States District Court for the District of Colorado (or to a District this Court believes appropriate), as seven of the

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

eight factors identified to decide such a motion in *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997) favor transfer. To wit, the convenience of parties and witnesses, the accessibility of records and documents, as well as the location where the conduct complained of occurred all support venue in Colorado. Likewise, judicial economy, the comparative costs of litigating the case in each forum, and the ability to enforce any judgment also favor Colorado.

## II. FACTS

1.  OTC is a Delaware corporation, with its principal place of business in Omaha, Nebraska. (Complaint, ¶ 6 [ECF 1].)

2.  Denovo is a Colorado limited liability company with its principal place of business in Boulder, Colorado. (*Id.* at ¶ 7.)

3.  On March 1, 2022, OTC filed a Complaint against Denovo for: (1) Fraud, (2) Breach of Contract and (3) Unjust Enrichment. (*Id.*)

4.  OTC attaches and cites four contracts between OTC and Denovo in its Complaint:

- Master Services Agreement ("**MSA**") (Id. at ¶ 18, attached as Exhibit A to Complaint);

- Consulting Services Statement of Work 002 ("**SOW 002**") (Id. at ¶ 18, attached as Exhibit B to Complaint);

- Consulting Services Statement of Work 003 ("**SOW 003**") (Id. at ¶ 23, attached as Exhibit C to Complaint); and

- Consulting Services Statement of Work 004 ("**SOW 004**") (*Id.* at ¶ 25, attached as Exhibit D to Complaint).

5.  The MSA, which governs statements of work, includes Section 18(j), entitled "Miscellaneous", which states: "This Agreement, shall be governed by, and

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

construed in accordance with the laws of the State of Delaware (without giving effect to the choice of law principles thereof)." (*Id.* at Exhibit A, Section 18(j), p. 12.)

6.     With regard to the MSA, it is alleged that meetings were held in Nebraska on January 17, 2019 and February 7, 2019. (*Id.* at ¶¶ 17, 18.)

7.     With regard to SOW 002, it is alleged that Denovo conducted "brown paper" sessions in Nebraska. (*Id.* at ¶ 19.)

8.     With regard to SOW 002, it is alleged that Denovo demonstrated JD Edwards World ("**JDE**") ERP to OTC on April 30, 2019, location of the demonstration is not identified. (*Id.* at ¶ 20.)

9.     With regard to SOW 002, it is alleged that Denovo demonstrated Oracle Cloud ERP to Denovo on May 2, 2019, location of the demonstration is not identified. (*Id.* at ¶ 20.)

10.     With regard to SOW 002, it is alleged "an on-site meeting" took place on June 18, 2019, but neither the participants nor the location are identified. (*Id.* at ¶ 21.)

11.     With regard to SOW 003, OTC does not allege any meetings took place in Nebraska between OTC and Denovo. (*See generally* Complaint.)

12.     With regard to SOW 004, OTC does not allege any meetings took place in Nebraska between OTC and Denovo. (*See generally* Complaint.)

13.     OTC's claims arise from SOW 004, "pursuant to which Denovo, with OTC's assistance, would implement the functional and technical solutions Denovo proposed" in relation to implementation of Oracle Cloud ERP (the "**Project**"). (Complaint, ¶¶ 25, 26.) OTC now alleges Denovo "fail[ed] to deliver a customized ERP system tailored to meet OTC's needs, fail[ed] to staff the project with appropriate personnel, and fail[ed] to make reasonable efforts to keep the project within budget and on an appropriate timeline." (*Id.* at ¶ 51.)

14.     OTC does not allege employees of OTC worked on the Project.

15.     The work on the Project was done via remote computer connection by

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

employees of Denovo and TipTop.   (MacGrandle Decl., ¶ 8; Complaint ¶ 36.)

16.     Employees of Denovo did not perform work on the Oracle ERP software in Nebraska.  (MacGrandle Decl., ¶ 9-10.)

17.     Employees of TipTop did not perform work on the Oracle ERP software in Nebraska.  (MacGrandle Decl., ¶ 9-10.)

18.     OTC identifies a total of 17 witnesses in its Complaint.  (Complaint, ¶¶ 17, 20, 26 and 32.)

20.     Of 17 witnesses, OTC identifies Dave Devore as "Financials Architect", Anurag Goel as a "Supply Chain Functional Lead"; Souyma Kancheti as a "Technical Expert"; Tomer Sapir as a "Supply Chain Functional Lead"; and Mike Wahl as a "Project Manager."  (Complaint, ¶ 32.)

21.     Of the 17 witnesses identified in the Complaint, one is from Colorado and none are from Nebraska, as follows:

| #  | Witness            | Comp. ¶ | State  |
|----|--------------------|---------|--------|
| 1  | Bernatchez, Don    | 32      | Canada |
| 2  | Berger, Larry      | 20      | GA     |
| 3  | Bullman, Rob       | 20      | PA     |
| 4  | Connolly, Tom      | 20      | PA     |
| 5  | Devore, Dave       | 32      | FL     |
| 6  | Goel, Anurag       | 32      | NC     |
| 7  | Goldsmith, Stephen | 32      | PA     |
| 8  | Kancheti, Souyma   | 32      | PA     |
| 9  | Lennon, Michael    | 17, 20  | VA     |
| 10 | Piscatiello, Sara  | 17      | MN     |
| 11 | Santa Cruz, Oscar  | 32      | FL     |
| 12 | Sapir, Tomer       | 32      | NV     |

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

| 13 | Sears, Scott | 20 | WA |
| 14 | Shaw, Bud | 20 | CA |
| 15 | Shimoni, David | 36 | MA |
| 16 | Szymanksi, Susan | 17, 20 | CO |
| 17 | Wahl, Mike | 32 | IL |

(MacGrandle Decl., ¶ 5.)

22.     Beyond the 17 witnesses identified in the Complaint, 23 additional witnesses worked on the Project, five of which reside in Colorado, and 0 of which reside in Nebraska, as follows:

| # | Witness | State |
|---|---------|-------|
| 18 | Bracken, Emily | CO |
| 19 | Cade, David | AZ |
| 20 | DeGeneres, William | CA |
| 21 | Gibson, Michael | GA |
| 22 | DiGiorgio, Emily | PA |
| 23 | Goddard, Michael | MO |
| 24 | Hilbran, Dustin | PA |
| 25 | Jolly, John | NV |
| 26 | Kidambi, Vishnu | India |
| 27 | Kumar, Hemanth | India |
| 28 | Landrum, Donald | TX |
| 29 | LaPointe, Paula | MI |
| 30 | Mahoney, William | CO |
| 31 | MacGrandle, David | CO |
| 32 | Powers, Chris | PA |
| 33 | Reeves, Tracy | CO |

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

| 34 | Roberts, David | Unknown |
| 35 | Shaik, Siraj | India |

(MacGrandle Decl., ¶ 7.)

24.    Denovo does not own or lease space in any Nebraska property. (MacGrandle Decl., ¶ 11.)

25.    Denovo is incorporated in Colorado, with its' corporate headquarters and principal place of business located in Boulder, Colorado.  (MacGrandle Decl., ¶ 13.)

25.    The records and documents of Denovo related to the Project are stored in Colorado.  (MacGrandle Decl., ¶ 14.)

26.    Denovo's technical services, sales and marketing are directed from its' corporate headquarters.  (MacGrandle Decl., ¶ 15.)

27.    Denovo does not market its services from any location within the State of Nebraska.  (MacGrandle Decl., ¶ 16.)

### III.    THIS COURT LACKS PERSONAL JURISDICTION OVER DENOVO

#### A.    Personal Jurisdiction Determined Via Application of Long-Arm Statute and Principals of Due Process

Federal courts are of limited jurisdiction.  *Bishop v. Comm. On Prof'l Ethics & Conduct of Iowa State Bar Ass'n,* 686 F.2d 1278, 1283 (8th Cir. 1982).

A court, in determining if it has personal jurisdiction over a defendant, applies the long-arm statute of the state in which the court is located.  *Institutional Food Mktg. Associates, Ltd. v. Golden State Strawberries, Inc.*, 747 F.2d 448, 452-453 (8th Cir. 1984). Such application must also comport with the Due Process Clause of the Fourteenth Amendment, such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.  *Morris v. Barkbuster, Inc.,* 923 F2d 1277, 1280 (8th Cir. 1991).

#### B.  OTC Bears Burden of Establishing Personal Jurisdiction

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

A motion challenging personal jurisdiction falls under Federal Rule of Civil Procedure 12(b)(2). The court must dismiss claims against a nonresident company if the court determines it lacks personal jurisdiction over that company. *See* Fed. R. Civ. P. 12(b)(2). "The party seeking to establish the court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction." *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 646–47 (8th Cir. 2003).

A defense challenge to the Court's personal jurisdiction imposes a burden on the plaintiff to establish that jurisdiction is present:

> The plaintiff has the burden to show that personal jurisdiction over the defendant exists when challenged pursuant to Fed. R. Civ. P. 12(b)(2). *Fastpath, Inc. v. Arbela Technologies Corp.,* 760 F3d 816, 820 (8th Cir 2014). To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must make a prima facie showing of personal jurisdiction over the challenging defendant. *Id*. The plaintiff's showing is tested by the pleadings, as well as by affidavits and exhibits supporting, or opposing, the motion. *Id*. Where no hearing is held on the defendant's motion to dismiss, the evidence is viewed in a light most favorable to the plaintiff, and factual conflicts are resolved in the plaintiff's favor. *Id*.
>
> . . .
>
> Personal jurisdiction can be specific or general. *Fastpath, Inc.*, 760 F3d at 820. A court obtains general jurisdiction against a defendant who has "continuous and systematic" contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum. *Johnson v. Arden*, 614 F3d 785, 794 (8th Cir 2010). Specific jurisdiction over a defendant is exercised when a nonresident defendant has purposefully availed itself of the privilege of conducting business in the forum, and the lawsuit arises out of, or is related to, the defendant's contacts with the forum. *Id*. The plaintiff's complaint alleges specific jurisdiction — that the defendants intentionally engaged in tortious conduct directed at the plaintiff in Nebraska, such that personal jurisdiction of the defendants is found in this forum. Filing 16 at 5.
>
> The question of whether a court has personal jurisdiction of a defendant is a two- part inquiry. The first question is whether this Court's exercise of personal jurisdiction would be proper under Nebraska's long-arm statute. Nebraska's personal jurisdiction statute provides that a court may exercise personal jurisdiction over a person who causes tortious injury by an act or omission in the state. Neb. Rev. Stat. § 25-536(1)(c). Section 25-536 extends jurisdiction over non-resident defendants to the full extent allowed by the Due Process Clause of the United States Constitution. *Yeransian v. Willke Farr & Gallagher LLP*, 942 NW2d 226, 233 (Neb. 2020).

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

*Runza National, Inc. v. Alexander,* 2021 WL 1169365*2,*3 (4:20-cv-3078, D. Neb) (Gerrard, J., 3.26.21)

## C. Nebraska Long-Arm Statute

The Nebraska long-arm statute establishing personal jurisdiction over foreign defendants is Neb. Rev. Stat. § 25-536, which states:

A court may exercise personal jurisdiction over a person:

(1) Who acts directly or by an agent, as to a cause of action arising from the person:

> (a) Transacting any business in this state;
>
> (b) Contracting to supply services or things in this state;
>
> (c) Causing tortious injury by an act or omission in this state;
>
> (d) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;
>
> (e) Having an interest in, using, or possessing real property in this state; or,
>
> (f) Contracting to insure any person, property, or risk located within this state at the time of contracting; or

(2) Who has any other contact with or maintains any other relation to this state to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States.

## D. Due Process and the Application of Long-Arm Statute

Under longstanding Supreme Court precedent, due process requires minimum contacts between a non-resident defendant and the forum state such that the maintenance of a plaintiff's lawsuit would not offend traditional notions of fair play and substantial justice. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291-92, 62 L Ed 2d 490, 100 S. Ct. 559 (1980). The Supreme Court has identified two theories for evaluating

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

minimum contacts - general jurisdiction and specific jurisdiction. *See, e.g., Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir 1994).

Under a theory of general jurisdiction, the court may hear a lawsuit against a defendant who has "continuous and systematic" contacts with the forum state, even if the injuries alleged in the lawsuit do not arise out of the defendant's activities directed at the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 US 408, 415-16, 80 L Ed 2d 404, 104 S Ct 1868 (1984). General jurisdiction exists when the defendant's contacts with the state have been sufficiently systematic and continuous such that it is essentially "at home" in the forum state. *Bristol-Myers Squibb Co. v. Superior Ct.*, 137 S Ct 1773, 1780 (2017); *BNSF v. Tyrrell*, 137 S Ct 1549, 1554 (2017). When a defendant is at home in the forum state, it can be brought into court there for any reason, including to resolve claims wholly unrelated to that forum, without implicating due process concerns. *Bristol-Myers Squibb Co.*, 137 S Ct at 1780.

With the United States Supreme Court's opinion in *Bristol-Myers Squibb,* it is now firmly established that for purposes of determining whether general jurisdiction exists, a corporate defendant is only "at home" in either its state of incorporation or the state where it maintains its principal place of business. 137 S. Ct. at 1780; *Daimler AG v. Bauman*, 134 S Ct 746, 760 (2014).

Specific jurisdiction, on the other hand, requires that the injury giving rise to the lawsuit occur within or have some connection to the forum state. *Helicopteros Nacionales de Colombia*, 466 US at 414. To establish specific jurisdiction, a plaintiff must, at a minimum, show that the defendant "purposefully availed" itself of the forum – that is, that the defendant's contacts with the forum were purposeful and substantial, such that the defendant should reasonably foresee being haled into court there. *World-Wide Volkswagen*, 444 US at 297. Random, fortuitous, or attenuated contacts with the forum are not sufficient. *See Burger King Corp. v. Rudzewicz*, 471 US 462, 478 (1985).

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

Both general and specific jurisdiction theories require "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 US 235, 253, 2 L Ed 2d 1283, 78 S. Ct. 1228 (1958).

Additionally, because Nebraska's long-arm statute confers jurisdiction as consistent with the United States Constitution, the Court's inquiry must focus on whether the exercise of personal jurisdiction comports with due process. *Yeransian v. Willke Farr & Gallagher LLP*, 942 NW2d 226, 233 (Neb 2020); *see, also, Bell Paper Box*, 22 F3d at 818. With respect to the due process prong of personal jurisdiction, the Eighth Circuit instructs courts to consider the following factors: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Coen v. Coen*, 509 F3d 900, 905 (8th Cir. 2007).

The third factor – the relation of the cause of action to the contacts – generally refers to the distinction between specific and general jurisdiction. *Id*. In applying these factors, the central inquiry is the "relationship among the defendant, the forum, and the litigation." *Land-O-Nod Co. v. Bassett Furniture Indus., Inc.*, 708 F2d 1338, 1340 (8th Cir 1983) (quoting *Shaffer v. Heitner*, 433 US 186, 204, 97 S. Ct. 2569, 53 L Ed 2d 683 (1977)). Consequently, the fourth and fifth factors are of secondary importance and not determinative. *Id*.

### E. The Court lacks personal jurisdiction over Denovo in Nebraska

As OTC cannot support an argument that it satisfies both: (1) Nebraska's long-arm statute and (2) due process as to Denovo, this Court lacks personal jurisdiction. To wit, the Complaint lacks sufficient facts that would sustain personal jurisdiction, as set forth below. As a result, this Court must dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(2) for

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

lack of personal jurisdiction, and concomitantly Fed. R. Civ. P. 12(b)(3) for improper venue.

    **1.**    <u>Plaintiff has not alleged, and cannot allege, facts sufficient to establish general jurisdiction.</u>

Plaintiff cannot establish that Denovo is "at home" in Nebraska, under the *Daimler* standard. Based on OTC's pleading, general jurisdiction over the Denovo' simply does not lie. Denovo's principal place of business is in Boulder, Colorado, not Nebraska. (MacGrandle Decl., ¶ 13.) Likewise, Denovo does not own or lease space in any Nebraska property nor own any property in Nebraska. (MacGrandle Decl., ¶ 11.) There are no allegations of – nor are there factually – continuous and systematic contacts in Nebraska by Denovo.

In other words, there is no evidence to suggest that Denovo would be "at home" in Nebraska, for purposes of establishing general jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 US 915, 919 (2011).

    **2.**    <u>OTC has not alleged and cannot allege facts sufficient to establish specific jurisdiction.</u>

OTC has not alleged and cannot allege facts sufficient to establish specific jurisdiction. Denovo neither has the requisite minimum contacts with Nebraska, nor do OTC's causes of action arise out of any such contacts.

With respect to minimum contacts, in regard to SOW 004 – which is at issue – OTC does not allege any meetings took place in Nebraska between OTC and Denovo. Denovo did not perform its work under SOW 004 in Nebraska. Indeed, Denovo's only ostensible tie to the state is entering into the MSA and SOW 004 with OTC (though the execution of the contract did not take place in Nebraska). And, as the Supreme Court has concluded, contracting with a foreign state citizen alone is insufficient to support a finding of specific jurisdiction. *Burger King Corp.*, 471 US at 478 ("If the question is whether an individual's

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.").

Moreover, OTC's causes of action do not arise out of any ostensible contacts with Nebraska. Instead, the work at issue was performed by Denovo and TipTop employees in Colorado and other non-Nebraska states. Likewise, in regard to the alleged breach of contract, this presumably occurred in Colorado, where Denovo resides, and maintains its principal place of business. *See Aeschilman v. Dealer Mktg. Servs.*, 2015 U.S. Dist. LEXIS 5346, at *10 * (CD Ill Jan. 16, 2015) ("This Court agrees with the general premise that the situs of material events in a breach of contract claim should be considered the location where 'the business decisions causing the breach occurred.'"); *Turner v. CF&I Steel Corp.*, 510 F Supp 537, 542 (ED Pa 1981) (concluding that the breach "took place" in the district where the decision not to honor the plan's benefits was made). Likewise, if Denovo was unjustly enriched, it would flow from "the business decisions causing the breach", which again is presumably Colorado at its headquarters. Similarly, if Denovo made false promises, such would again flow from the corporate headquarters in Colorado.

Indeed, it appears that OTC hopes to draw Denovo into Nebraska based solely on Denovo's ties with OTC, as opposed to Denovo's ties with the state. As this Court previously determined in *Gavilon*, however, that is not the standard. 2015 US Dist LEXIS 56229 (D Neb. Apr. 8, 2015). In *Gavilon*, the plaintiff argued specific jurisdiction based on regular communications with the plaintiff in Nebraska regarding the execution and performance of various contracts between the parties. *Id.* at *7-*8. The plaintiff further noted that the defendant applied for credit and sent its application and subsequent financial documentation to Nebraska. *Id.* Additionally, the plaintiff argued that it received payment from the defendant in Nebraska. *Id.*

This Court, however, was correctly unpersuaded, concluding that entering into a contract with a forum resident, standing alone, does not provide sufficient contacts with the forum state, and that a defendant does not subject itself to personal jurisdiction in a

forum state simply by sending payments to the forum state pursuant to a contract. *Id.* This Court went on to say:

> Simply put, Trans Coastal's contacts were not with Nebraska — they were with Gavilon. Trans Coastal, for its part, accepted performance of the contracts in Illinois and Kansas, and the contracts contemplated Trans Coastal's performance of its obligations outside Nebraska. It is true that Trans Coastal entered into a substantial number of agreements with Gavilon. But that establishes a relationship between Trans Coastal and Gavilon, not Trans Coastal and Nebraska.

*Id.* at *12.

Here, as in *Gavilon*, the Denovo's contacts – as limited as they are – are with OTC, not the state of Nebraska. Thus, specific jurisdiction does not lie, and equally, venue is not proper in Nebraska, such that the Complaint should be dismissed.

**3.** <u>OTC cannot meet the Due Process prong of personal jurisdiction</u>

OTC also cannot meet the due process prong of personal jurisdiction. To wit, the concepts of fair play and substantial justice weigh heavily against finding personal jurisdiction under these circumstances, such that the fair play and substantial justice test favors dismissal.

The three primary factors are far from compelling in this case. As set forth more fully above, the "nature and quality" of Denovo's contacts with Nebraska are slim to none. Similarly, the "quantity" of any ostensible contact is none.

Furthermore, the secondary factors do not support a finding of due process. For example, while Nebraska may have an interest in providing a forum for OTC as a Nebraska citizen, so too would Delaware, as OTC is also a citizen of that state. And, with respect to the convenience of the parties, while Nebraska may be convenient for OTC as its home forum (or one of OTC's forums), it is far from convenient for Denovo, as it has no ties there.

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

## F.  Rather than Dismiss, the Court May Transfer Under 28 U.S.C. § 1406(a)

Alternatively, if it is determined that the case has laid venue in the wrong district, but it be the interest of justice to transfer this case, then an Order transferring this case to the United States District Court for the District of Colorado pursuant to 28 USC § 1406(a), which states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Here, while the case lays venue in the wrong district, rather than dismiss, if it be in the interest of justice, transfer to the District of Colorado, would be appropriate.

## IV.    COURT MAY CONSIDER AFFIDAVIT EVIDENCE

A court may consider affidavits in addition to pleadings in deciding a motion to dismiss for lack of personal jurisdiction. *Epps v. Steward Information Services Corp.*, 327 F.3d 642 (8th Cir. 2003).   Further, the burden is at all times on the plaintiff to prove the court has jurisdiction over the defendant. *Yellow Brick Road v. Childs*, 36 F. Supp. 3d at 862.   Where there are insufficient allegations to demonstrate any act establishing intentional and overt contact with the forum state, the complaint should be dismissed for lack of jurisdiction. *Id.*, 36 F. Supp. 3d at 868.   Denovo has submitted the Affidavit of David MacGrandle in support of its' motion to dismiss or transfer, pursuant to Local Rule 7.1.

## V.    ALTERNATIVELY, NEBRASKA IS NOT A CONVENIENT FORUM

If the District of Nebraska is found to be a proper forum, the case should still be transferred to the District of Colorado pursuant to 28 U.S.C. § 1404(a), as seven of the eight factors identified in T*erra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

Cir. 1997) in relation to transfer of cases favor transfer to Colorado; with the eighth factor neutral as to venue, as set forth below.

### A. The Court Has Broad Discretion to Transfer Under 28 U.S.C. § 1404(a)

The Court is given broad discretion under 28 U.S.C. § 1404(a) to transfer this matter to the District of Colorado even if Nebraska is deemed a proper forum for this suit, which states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

Under § 1404(a), this Court has broad discretion to transfer a case "to any other district ... where it might have been brought" if the transferee district is more convenient for the parties and witnesses or if transfer is "in the interest of justice." *See, e.g., Steen v. Murray*, 770 F.3d 698, 702 (8th Cir. 2014).

Section 1404(a) identifies three general categories of factors to consider when comparing competing venues, but deciding a transfer motion requires "a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.* at 691; *see also In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (per curiam) (explaining "district courts should weigh any 'case-specific factors' relevant to convenience and fairness to determine whether transfer is warranted.").

Although the Eighth Circuit has "declined to offer an 'exhaustive list of specific factors to consider' in making the transfer decision," it has identified some factors courts traditionally consider. *In re Apple*, 602 F.3d at 912 (quoting T*erra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). In assessing convenience, courts often consider factors such as "(1) the convenience of the parties, (2) the convenience of the witnesses— including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, [and] (4)

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

the location where the conduct complained of occurred." *Terra Int'l*, 119 F.3d at 696. In balancing the interests of justice, courts consider not only the plaintiff's choice of forum and the reasons for that choice, but also factors such as (1) judicial economy, (2) the comparative costs of litigating the case in each forum, (3) the ability to enforce any judgment, and (4) any potential "obstacles to a fair trial." *Id.*

**B.        Convenience of the Parties and Witnesses Supports Transfer of this Case to Colorado**

Pursuant to § 1404(a), a court is required to conduct an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). As set forth below, such consideration reveals venue is best situated in Colorado, rather than Nebraska.

**1.        Convenience of the Parties**

The first factor set forth by T*erra Int'l* to be considered is the convenience of the parties. In this instance, the alleged conduct giving rise to the claims of OTC did not occur in Nebraska, whereas a portion of such conduct did occur in Colorado. (*See* MacGrandle Decl., ¶ 8, 9, 10, 15, 16.) Further, at least six witnesses reside in Colorado, whereas zero witnesses reside in Nebraska. Moreover, Colorado is the principal place of business of Denovo, as well as where the records and evidence for the Project are kept. (*See* MacGrandle Decl., ¶ 14.). Based upon same, this factor weighs in favor of venue in Colorado.

**2.        Convenience of the Witnesses**

The second factor is the convenience of the witnesses, especially nonparty witnesses, and is entitled to significant weight. *See, e.g., Midvale Indus., Inc. v. Butler*, No. 4:15CV1650 JCH, 2015 WL 8479018, at *4 (E.D. Mo. Dec. 10, 2015) ("[T]he convenience of witnesses has been called 'the most powerful factor governing the decision to transfer a case.' " (quoting 17 James Wm. Moore, et al., *Moore's Federal Practice* § 111.13[1][f][i]

Gordon Rees Scully Mansukhani, LLP
301 South 13ᵗʰ Street, Suite 400
Lincoln, NE 68508

(3rd ed. 2010))); *Bomkamp v. Hilton Worldwide, Inc.*, No. 4:13–CV–1569 CAS, 2014 WL 897368, at *8 (E.D. Mo. Mar. 6, 2014) ("[C]onvenience of the witnesses, is considered the most important [factor] and is entitled to the most weight in the analysis.").

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

### a. *Quantitative Weighs in Favor of Colorado*

OTC identifies 17 witnesses in its Complaint, 1 of which resides in Colorado and zero of which reside in Nebraska. (MacGrandle Decl., ¶ 5-7.) Likewise, Denovo identifies 23 additional witnesses, 5 of which reside in Colorado, and none of which reside in Nebraska. *See* (MacGrandle Decl., ¶ 5-7.)

Further, OTC does not identify a single witness residing in Nebraska in its Complaint. In the complaint and affidavits at issue herein, no party identifies any Denovo or TipTop employees who worked on the Project in Nebraska. As six witnesses are located in Colorado, and none in Nebraska, this factor from a quantitative analysis weighs heavily in favor of venue in Colorado.

### b. *Qualitative Weighs in Favor of Colorado*

Of the 17 witnesses identified by OTC, OTC identifies the titles of five of those witnesses as follows: Dave Devore as "Financials Architect", Anurag Goel as a "Supply Chain Functional Lead"; Souyma Kancheti as a "Technical Expert"; Tomer Sapir as a "Supply Chain Functional Lead"; and Mike Wahl as a "Project Manager." (Complaint, ¶ 32.) However, none of these individuals reside in Nebraska or performed any work in Nebraska, yet they have the unique technical knowledge concerning the Project as demonstrated by their titles.

### c. *Ability to Subpoena Favors Colorado*

No identifiable witnesses reside in Nebraska; whereas six reside in Colorado. Thus, there is no risk that any potential witnesses that could have been subpoenaed in Nebraska will be beyond the subpoena power in Colorado. *See Heritage Disposal*, 2015 WL 5821764, at *5 (noting that owner witnesses have an incentive to attend trial irrespective

of whether they are beyond the court's subpoena power).  Thus, the ability to subpoena favors Colorado.

### 3. Accessibility to Records and Documents

The third factor is the accessibility to records and documents.  This factor weighs in favor of Colorado, as the records and documents of Denovo for the Project are located in Colorado.  *See* (MacGrandle Decl., ¶ 14.)

### 4. Location Where the Conduct Complained of Occurred

The fourth factor is the location where the conduct complained of occurred.  A portion of the work on the Project – the conduct complained of – occurred in Colorado, which is also the principal place of business of Denovo.  *See* (MacGrandle Decl., ¶ 8-16.) Whereas, work on the Project was not performed in Nebraska.  *Id.* Therefore, this factor weighs in favor of venue in Colorado.

Moreover, when considering the propriety of the venue, courts are meant "to focus on relevant activities of the *defendant,* not of the plaintiff." *Woodke v. Dahm,* 70 F.3d 983 (8th Cir. 1995); *Jenkins Brick Co.*, 321 F.3d at 1371–72.  Application of such a precept to the instant matter again favors venue in Colorado, not Nebraska.

Likewise, even if OTC suggests that limited sales activity took place by Denovo in Nebraska, which does not *ipso facto* make it a more convenient forum than Colorado, Denovo's sales decisions are made in Colorado. *See, e.g., LG Electronics, Inc. v. First Int'l Computer, Inc.*, 138 F. Supp. 2d 574, 590 (D.N.J. 2001) (finding "the place where marketing and sales decisions were made, rather than where the limited sales activity has occurred" relevant to the transfer analysis).

### 5.     Judicial Economy

The fifth factor is judicial economy.   OTC's claims are similar to patent-infringement cases in that the allegedly-infringing conduct would occur in the location of the defendants because the work was conducted remotely on the Project.  The location of the plaintiff is immatareial.   Based upon same, judicial economy favors hearing such matters in the location of the conduct, which in this instance gravitates to Colorado, the principal place of business of Denovo, and where at least six witnesses and the Project records are located.  *See, e.g., Jarratt v. Amazon.com, Inc.*, No. 5:16-CV-05302, 2017 WL 3437782, at *3 (W.D. Ark. Aug. 10, 2017) (concluding "[j]udicial economy is typically served [in a patent-infringement case] by allowing a case to proceed in the district that is ... the location of the allegedly-infringing conduct"; *see also LG Electronics,* 138 F. Supp. 2d at 590 ("The district court ought to be as close as possible to the area of the infringing device and the hub of activity centered around its production. . . ."). The 'hub', in this instance, would be Boulder, Colorado.

### 6.     Comparative Cost of Litigating the Case in Each Forum

The sixth factor is the comparative costs of litigating the case in each forum.  This factor again favors Colorado, as the conduct complained of concerns the actions of at least 35 employees of Denovo and/or TipTop, six of which reside in Colorado, which is also the principal place of business of Denovo, and where its' records are kept. This weighs in favor of transfer to a more convenient forum for Denovo, as the burden will be on Denovo to produce the bulk of witnesses and documents. *See Jarratt,* 2017 WL 3437782, at *3 (comparative cost favors transfer when defendant bears the burden of producing most of the documents and testimony.)   In contrast, plaintiff fails to identify any witnesses or employees of Denovo or TipTop who reside in Nebraska.

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

**7.** <u>Ability to Enforce Any Judgment</u>

The seventh factor, the ability to enforce any judgment, again favors Colorado. As Denovo is a Colorado limited liability company with its principal place of business in Boulder, Colorado, the best place to seek to enforce a judgment against Denovo would be Colorado.

**8.** <u>Any Potential "Obstacles to a Fair Trial"</u>

The eighth factor is any potential "obstacles to a fair trial." At present, this factor does not appear to weigh in favor of one venue over another.

**9.** <u>Summation</u>

Thus the convenience of parties, the convenience of witnesses, the accessibility of records and documents, as well as the location where the conduct complained of occurred all favor venue in Colorado. Similarly, judicial economy, the comparative costs of litigating the case in each forum, and the ability to enforce any judgment again favor Colorado. Whereas, the last factor – obstacles to a fair trial – does not weigh in favor of either venue.

**VI.** **CONCLUSION**

OTC has brought suit against Denovo in the wrong venue, as Denovo is neither subject to general jurisdiction in the District of Nebraska nor has it maintained sufficient contacts to support a claim for specific jurisdiction there. Venue in Nebraska would not comport with due process, as it would offend traditional notions of fair play and substantial justice. Other than OTC having its principal place of business in Nebraska, the alleged acts giving rise to this action occurred outside Nebraska and orbit around Colorado.

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

Accordingly, for the reasons set forth above, Denovo respectfully requests this Court to dismiss this action; or in the alternative, if the Court chooses not to dismiss the action for lack of personal jurisdiction, Denovo respectfully requests this Court to transfer the suit to the District of Colorado.

Respectfully submitted,

Dated: May 3, 2022      By     *s/ A. Victor Rawl, Jr.*_____
    A. Victor Rawl, Jr. (#24352)
    E-mail: vrawl@grsm.com
    Craig J. Mariam (*Pro Hac Vice Pending*)
    E-mail: cmariam@grsm.com
    GORDON & REES LLP
    301 South 13th Street, Suite 400
    Lincoln, NE 68508
    Telephone: (843) 278-5900
    Counsel for Denovo Trading Company, LLC

## CERTIFICATE OF COMPLIANCE

The Brief of Denovo Venture, LLC is 6,685 words, and therefore in compliance with Nebraska Civil Rules, Rule 7.1(d)(1)(A), which limits supporting briefs to no more than 13,000 words. In determining the number of words, the word-count function of Microsoft Word 2016 was applied to include all text, including the caption, headings, footnotes, and quotations.

Dated: May 3, 2022      By     *s/ A. Victor Rawl, Jr.*_____
    A. Victor Rawl, Jr. (#24352)
    E-mail: vrawl@grsm.com
    Craig J. Mariam (*Pro Hac Vice Pending*)
    E-mail: cmariam@grsm.com
    GORDON & REES LLP
    301 South 13th Street, Suite 400
    Lincoln, NE 68508
    Telephone: (843) 278-5900
    Counsel for Denovo Trading Company, LLC

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2022, the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to the following:

Martin W. Jaszczuk
Daniel I. Schlessinger
Margaret Schuchardt
Seth Corthell
JASZCZUK P.C.
30 South Wacker Drive, Suite 2200
Chicago, IL  60606
Tel: 312-442-0509
Email: mjaszczuk@jaszczuk.com
       dschlessinger@jaszczuk.com
       mschuchardt@jaszczuk.com
       scorthell@jaszczuk.com

Date: May 3, 2022

By     *s/ A. Victor Rawl, Jr.*
        A. Victor Rawl, Jr.

Gordon Rees Scully Mansukhani, LLP
301 South 13th Street, Suite 400
Lincoln, NE 68508

1262885/66361817v.1