IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ORIENTAL TRADING COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> DENOVO VENTURES, LLC, <br><br> Defendant. | 8:22CV78 <br><br> **ORDER TO SHOW CAUSE** |

    This matter is before the Court on defendant Denovo Ventures, LLC's ("Denovo") Motion to Dismiss for Lack of Personal Jurisdiction or, alternatively, Motion to Transfer Venue (Filing No. 21). *See* Fed. R. Civ. P. 12(b)(2); 28 U.S.C. § 1404(a). On initial review of Denovo's motion, the Court identified a potential issue regarding the Court's subject-matter jurisdiction. *See Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011) ("[A] court has a special obligation to consider whether it has subject matter jurisdiction in every case.").

    The issue is relatively straightforward. In its Complaint (Filing No. 1), plaintiff Oriental Trading Company, Inc. ("OTC") alleges diversity jurisdiction under 28 U.S.C. § 1332. OTC states complete diversity exists because OTC is a Delaware corporation with its principal place of business in Nebraska, and Denovo is, upon information and belief, "a Colorado limited liability company whose members are individuals who are citizens of states other than Delaware and Nebraska."

    Denovo's updated corporate-disclosure statement (Filing No. 35) indicates OTC is mistaken. Denovo states Denovo Ventures Holdings, LLC is a member of Denovo and is a citizen of Delaware. Denovo's statement appears to indicate the parties are not completely diverse. *See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding a limited liability company's "citizenship is that of its

members for diversity jurisdiction purposes"); *Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019) ("Complete diversity 'exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" (quoting *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007))).

In light of the foregoing, OTC must show cause on or before August 5, 2022 why this case should not be dismissed for lack of subject-matter jurisdiction. *See Magee v. United States*, 9 F.4th 675, 680 (8th Cir. 2021) ("The burden of proving the existence of subject matter jurisdiction rests with the party invoking federal jurisdiction."). Failing to respond to this Order to Show Cause may result in the Court dismissing this case without further notice.

IT IS SO ORDERED.

Dated this 29th day of July 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge